**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

WELLINGTON SPENCER COPPESS,  )
                              )
          Petitioner,         )
                              )   No. CIV 09-176-TUC-CKJ (HCE)
vs.                           )
                              )
CHARLES L. RYAN, *et al.*,    )   **ORDER**
                              )
          Respondents.        )
_____)

On February 2, 2011, Magistrate Judge Hector C. Estrada issued a Report and Recommendation (Doc. 29) in which he recommended that the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Wellington Spencer Coppess ("Coppess") be dismissed in part and denied in part. The magistrate judge advised the parties that written objections to the Report and Recommendation were to be filed within fourteen days of service of a copy of the Report and Recommendation pursuant to 28 U.S.C. § 636(b). Coppess has filed an objection.

*Factual and Procedural Background*

The Court of Appeals of Arizona summarized the facts as follows:

> . . . In March 2002, after a night of drinking, Coppess and his ex-wife, L., left a bar sometime between 1:00 and 1:30 a.m. L. was driving when they left the bar, but they began to argue on the way home, stopped at a park, and got out of the vehicle briefly. When they left the park, Coppess drove and headed east on Prince Road. A witness testified that Coppess was traveling between 100 and 120 miles per hour. Instead of stopping for a red light, Coppess attempted to pass other vehicles stopped at the light by swerving into the oncoming, westbound lanes of traffic. He lost control of the vehicle and struck an oncoming car.

> During the collision, L. was thrown from the vehicle, and Coppess landed in the back seat. Coppess left the vehicle and started walking away from the scene. When a witness asked where he was going, he ran away. Police later found him hiding in a nearby yard. Coppess was arrested, and subsequent testing of his blood established he had an alcohol concentration of .117 percent.
>
> The driver of the other car sustained bruising and deep lacerations. A female passenger in that vehicle suffered a crushed left foot and ankle, broken pelvis, severed aorta, and brain damage. Her fifteen-month-old son, who was riding in the back seat, was killed. L. was rendered paraplegic and also sustained a punctured lung and broken ribs and vertebrae.

Answer, Ex. I, pp. 3-4.[1] Coppess was subsequently convicted of one count of second degree murder, five counts of aggravated assault, one count of leaving the scene, two counts of DUI, and two counts of criminal damage. Coppess was sentenced to 44.5 years of imprisonment. On May 27, 2005, the Court of Appeals affirmed Coppess' convictions, but ordered that Coppess be resentenced. On February 28, 2006, upon remand from the Supreme Court of Arizona, the Court of Appeals vacated its May 27, 2005, decision and affirmed Coppess' convictions and sentences.

On February 16, 2006, while Coppess' direct appeal was pending on remand, Coppess sought post-conviction relief on grounds that counsel was ineffective and that a dismissed juror's conduct had tainted the remaining jurors such that his right to a fair and impartial jury was violated. The post-conviction court denied relief and, on March 25, 2008, the Court of Appeals granted review but denied relief.

On or about March 20, 2009, Coppess filed a Petition for Writ of Habeas Corpus.

---

[1] *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."); *Wainright v. Witt*, 469 U.S. 412, 426, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985) (state court's findings are entitled to a presumption of correctness).

*Report and Recommendation*[2]

On February 20, 2011, the magistrate issued his Report and Recommendation in this case. This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); *see Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D.Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection"); *United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir.2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

*Timeliness of Petition*

The "AEDPA imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court." *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001), *citing* 28 U.S.C. § 2244(d)(1)), *footnote omitted*. In this case, the magistrate judge determined that the Petition had been filed no later than March 23, 2009, and, therefore, was timely filed. No objection having been made as to this determination, the Court adopts this finding.

*Claim I - Violation of Confrontational Rights Regarding Witness Voss*

The magistrate judge determined that Coppess had exhausted this claim in the state courts and addressed this issue on the merits. As to this claim, the Court of Appeals stated:

> Coppess next argues the trial court erred when it "permitted a witness to testify that, at the accident scene, [L.] stated Coppess was driving." According to Coppess, that evidence sabotaged "the heart of the defense's theory that [he] was not the driver."

---

[2] The Court notes that, after the issuance of the Report and Recommendation, the United States Supreme Court determined that in cases involving review under § 2254(d)(1), the review is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, — U.S. —, 131 S.Ct. 1388, 1398 (2011).

- 3 -

Tucson Police Officer Charles Foley testified at trial that he had arrived on the accident scene at 1:55 a.m., only minutes after it had occurred. He saw L. still lying in the road, went to check her condition, and found her conscious. In response to the officer's question, L. stated that Coppess had been driving. Coppess's objection to that testimony on the ground of hearsay was overruled.

Coppess argues that the trial court should have sustained his hearsay objection and that the court also committed fundamental error by violating his "constitutional rights to confront the witnesses against him." U.S. Const. amend. VI; Ariz. Const. art. II, 24. We review the court's evidentiary ruling for an abuse of discretion, *State v. Daniel*, 169 Ariz. 73, 74, 817 P.2d 18, 19 (App. 1991), but review any confrontation clause issues raised below de novo. *State v. Bronson*, 204 Ariz. 321, ¶ 14, 63 P.3d 1058,, 1061 (App. 2003). We address the hearsay issue first in order to possibly avoid addressing the constitutional issue Coppess now raises. *See State v. Korzuch*, 186 Ariz. 190, 195, 920 P.2d 312, 317 (1996) ("In general, . . . we should resolve cases on non-constitutional grounds in all cases where it is possible and prudent to do so.").

Citing Rule 801, Ariz. R. Evid., Coppess argues Foley's testimony was "paradigmatic hearsay." the state, however, maintains L.'s statement was admissible as an excited utterance under Rule 803(2), Ariz. R. Evid. That rule defines an "[e]xcited utterance" as a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Our supreme court has said that "[t]he exception requires proof of three elements: (1) a starling event, (2) a statement made soon after the event to ensure the declarant has no time to fabricate, and (3) a statement which relates to the startling event." *State v. Rose*, 198 Ariz. 571, ¶ 20, 12 P.3d 796, 802 (2000).

L. made her statement to Officer Foley minutes after a fatal, high-speed automobile accident, while she still lay seriously injured in the street, reporting that "she could not feel below her waist." When Foley arrived on the scene, some bystanders "were trying to calm her down." The statement thus related to the event, the event was certainly startling, and the statement was made very shortly after the event. *See State v. parks*, 211 Ariz. 19, ¶¶ 10-11, 18, 39, 116 P.3d 631, 634-35, 639 (App. 2005) (trial court did not abuse its discretion in finding statements made by defendant's son to deputy att scene of shooting were excited utterances). As the state correctly points out, "a statement is not necessarily inadmissible because it is made in response to a question," even a police officer's question. *State v. Whitney*, 159 Ariz. 476, 483, 768 P.2d 638, 645 (1989). In addition, "'[t]he modern trend is toward a liberal interpretation of [the excited utterance] exception, leaving admissibility largely to the discretion of the trial court.'" *Id.* att 484, 768 P.2d at 646, *quoting State v. Rivera*, 139 Ariz. 409, 410, 678 P.2d 1373, 1374 (1984); *see also State v. Alvarez*, 210 Ariz. 24, ¶ 13, 107 P.3d 350, 354 (App. 2005). We cannot say, therefore, that the trial court abused its discretion in overruling Coppess's hearsay objection to Foley's testimony.

With respect to Coppess's Confrontation Clause argument, we first note he did not object below to Foley's testimony on that ground. Coppess's hearsay objection did not preserve this new argument. *See State v. Hernandez*, 170 Ariz. 301, 306-07, 823 P.2d 1309, 1314-15 (App. 1991). Because Coppess failed to challenge Foley's testimony on Sixth Amendment grounds below, he "forfeit[ed] the right to obtain appellate relief" unless he "establish[es] both that fundamental error exists and that the error in his cases caused him prejudice." *State v. Henderson*, 210 Ariz. 561, ¶¶ 19, 20, 22, 115 P.3d 601, 607, 608 (2005); *see also State v. Martinez*, 210 Ariz. 578,

- 4 -

> n.2, 115 P.3d 618, 620 n.2 (2005). And, fundamental error analysis is unnecessary absent an initial finding "that the trial court committed some error." *State v. Lavers*, 168 Ariz. 376, 385, 814 P.2d 333, 342 (1991).
>
> Coppess argues the trial court fundamentally erred because he "could not confront [L.] about the statement she allegedly made to Foley." L., however, testified at trial, albeit before Foley. Therefore, Coppess had an opportunity to cross-examine her on all material topics, including her statement to Foley.
>
> Foley testified that he had made an investigative report that specifically referred to L.'s statement. Pursuant to Rule 15.1, Ariz. R. Crim. P. 16A A.R.S., the state was required to disclose that report to Coppess before trial. Nothing in the record suggests the state failed to do so or that Coppess was otherwise unaware of L.'s statement before Foley testified. Thus, he could have cross-examined her about that statement. Likewise, although L.'s testimony preceded Foley's, Coppess could have called L. in his case-in-chief after the state rested. As the Supreme Court stated in *Crawford v. Washington*, 541 U.S. 36, 59 n. 9, 124 S.Ct. 1354, 1369 n. 9 (2004), "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of [her] prior testimonial statements." In sum, we find no Confrontation Clause error, fundamental or otherwise, in the trial court's admission of Foley's testimony about L.'s statement at the accident scene.
>
> Finally, even were we to find that the trial court erred in admitting that portion of Foley's testimony, the error did not prejudice Coppess. *See Henderson*, 210 Ariz. 561, ¶¶ 20, 22, 115 P.3d at 607, 608. Substantial evidence beyond L.'s out-of-court statement established that Coppess had been driving at the time of the accident. An eyewitness testified that he had seen a man, whom he identified as Coppess, driving the car. L. also testified that she remembered Coppess had been driving when they left the park. The state's accident reconstructionist also testified, based on the injuries that Coppess and L. had sustained, that Coppess "would [have been] the driver." And, at the hospital, Coppess stated, "Please just kill me now if I hurt someone," and "oh God, what did I do?" In view of the totality of the evidence, Coppess has not sustained his burden of establishing that any fundamental error relating to admission of L.'s statement caused him prejudice. *Id.*

Answer, Ex. I, pp. 6-10, *footnote omitted*.

As pointed out by the magistrate judge, Coppess had a full and fair opportunity to prepare for and anticipate Voss's testimony as well as her out-of-court statements. Indeed, although Coppess asserts in his objection that the trial court should have kept Voss under the power of the subpoena, this does not change the fact that Coppess had a full and fair opportunity to prepare for Voss's testimony and had the opportunity to cross-examine her. The Supreme Court has stated, "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his [or her] prior testimonial statements. *Crawford*, 541 U.S. at 59, n.9. Given the reasons the Arizona courts

- 5 -

stated for not granting relief, this Court does not find that the state courts' decision involved an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d) (habeas relief not available with respect to a claim unless the state courts' adjudication of it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"). Moreover, the Court agrees with the magistrate judge that there has been no showing that the state court rulings were based on an unreasonable determination of that facts in light of the evidence. This claim will be denied on this merits.

*Claim II – Sentence in Violation of Blakely v. Washington*

Coppess asserts that his right to a jury trial as set forth in the *Blakely v. Washington,* 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), was violated by the court's imposition of an aggravated sentence without a jury determination of aggravating factors. As to this issue, the Court of Appeals stated:

> Coppess lastly argues "[t]he trial court violated Coppess's constitutional jury trial and due process rights when it imposed aggravated sentences [on his second-degree murder conviction and four of the aggravated assault convictions] based on facts not inherent in the jury's verdict." At sentencing, the trial court found the following aggravating circumstances: emotional, physical and financial harm to the victims; Coppess's prior felony and misdemeanor convictions; Coppess's extensive criminal history; Coppess's danger to society, and his "recidivist conduct." The court also found "the unique factors of [the] case" as aggravating circumstances, including Coppess's BAC of .117; Coppess's "indication to individuals . . . at the bar" that he knew he was drunk; and Coppess's having been in an accident the week before the offense. The court found two mitigating factors: the victims' failure to use seat belts or a child restraint seat and "any [of Coppess's] potential mental health issues."
>
> Because Coppess failed to object below to the trial court's imposition of aggravated sentences, we review solely for fundamental error. *Martinez*, 210 Ariz. 578, n. 2, 115 P.3d att 620 n. 2. As noted earlier, Coppess has the burden to show fundamental error occurred and the error caused him prejudice. *Henderson*, 210 Ariz. 561, ¶ 20, 115 P.3d at 607. Fundamental error is "'error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial.'" *Id.* ¶ 19, *quoting State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984).
>
> In *Martinez*, our supreme court held that one *Blakely*-compliant or *Blakely*-exempt factor is enough to allow the trial court to consider other aggravating factors in sentencing the defendant. 210 Ariz. 578, ¶ 26, 115 P.3d at 625; *see also State v.*

- 6 -

*Anderson*, 211 Ariz. 59, ¶ 8, 116 P.3d 1219, 1221-22 (2005); *State v. Glassel*, 211 Ariz. 33, ¶ 102, 116 P.3d 1193, 1217 (2005). A finding of prior conviction is a *Blakely*-exempt aggravating circumstance. *Blakely*, 542 U.S. at 301, 124 S.Ct. at 2536; *see also Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435, 455 (2000); *Anderson*, 211 Ariz. 59, n. 2 116 P.3d at 1221 n. 2. Thus, the trial court's finding Coppess's prior convictions as an aggravating factor, a finding he neither challenged below nor contests on appeal, did not violate *Blakely*. *See State v. Keith*, 211 Ariz. 436, ¶ 3, 122 P.3d 229, 230 (App. 2005) (prior convictions are exempt from requirements of *Blakely*).

"Accordingly, once the trial court found that [Coppess's] prior convictions were an aggravating circumstance, the court was entitled to consider any other legal aggravating factor in imposing sentence."[7] *State v. Burdick*, 211 Ariz. 583, ¶ 13, 125 P.3d

[7] In his reply brief, Coppess argues *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), "is no longer the law and prior convictions – like any other fact necessary to increase a sentence, must be found by a jury under the reasonable doubt standard." Coppess waived those new arguments by failing to raise them below or in his opening brief. *State v. Glassel*, 211 Ariz. 33, n. 17, 116 P.3d 1193, 1217 n. 17 (2005). Even if the claims were not waived, however, we are bound by the decisions of our supreme court, such at *State v. Ring*, 204 Ariz. 534, ¶¶ 64-66, 65 P.3d 915, 939 (2003) (*Ring III*), finding prior convictions *Apprendi*-a-exempt. *See State v. Smyers*, 207 Ariz. 314, n. 4, 86 P.3d 370, 374 n. 4 (2004). We are likewise bound by United States Supreme Court decisions, including *Almendarez-Torres, Apprendi,* and *Blakely. See State v. Davis*, 206 Ariz. 377, n. 4, 79 P.3d 64, 71 n. 4 (2003); *Kroeger v. Twin Buttes R.R. Co.*, 13 Ariz. 348, 350, 114 P. 553, 554 (1911). And, in any event, both our supreme court and this court have rejected an argument similar to the one Coppess raises. *See State v. Anderson*, 211 Ariz. 59, n. 2, 116 P.3d 1219, 1221 n. 2 (2005); *State v. Molina*, 211 Ariz. 130, n. 6, 118 P.3d 1094, 1101 n. 6 (App. 2005) (*Blakely*-exempt aggravated factors need be supported only by reasonable evidence in the record); *see also State v. Urquidez*, No. 2 CA-CR 2004-0419, n. 1, 2006 WL 233431 (Ariz.App. Jan. 31, 2006) (same). Finally, we do not address Coppess's assertions, raised for the first time in his reply brief, that our reasoning and holding in a sentence enhancement case, *State v. Cons*, 208 Ariz. 409, 94 P.3d 609 (App. 2004), are "flawed," and that he "had the right to have a jury find prior convictions under the reasonable doubt standard."

1039, 1042 (App. 2005). Therefore, we find no error, fundamental or otherwise, relating to the trial court's sentencing of Coppess. *See id.; see also Anderson*, 211 Ariz. 59, ¶ 8, 116 P.3d at 1221-22.

Answer, Ex. I, pp. 14-17.

As pointed out by the magistrate judge and the state court, once an aggravating factor has been properly established as either *Blakely*-exempt or *Blakely*-compliant, additional aggravating factors may be found and considered by the sentencing court in determining the appropriate sentence to be imposed within the given statutory sentencing range. *Martinez*,

- 7 -

210 Ariz at 585, 115 P.3d at 625; *Apprendi*, 530 U.S. at 481. The consideration of aggravating factors, including Coppess's prior conviction, by the sentencing court in imposing an aggravated sentence within the range prescribed by statute did not violate *Blakely*. The Court finds that the state court's decision upholding Coppess's sentences was not contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, *see Jernigan v. Tucker*, 2007 WL 163079 (D.Ariz. Jan. 18, 2007) (denying habeas petition raising *Blakely* claim because "[o]nce one [prior] conviction has been established, the judge is free to impose the maximum sentence . . ." within the applicable sentencing range), and was not based on an unreasonable determination of the evidence presented. This claim will be denied on the merits.

*Claim III – Expert Testimony*

Coppess asserted that his right to due process was violated with regard to his ability to present expert testimony from either Dr. Richard Hinton or Dr. Comer.[3] The magistrate judge determined that, despite any confusion between Dr. Hinton and Dr. Comer, Coppess failed to establish cause for failing to fairly present the state court with a Fourteenth Amendment due process claim with regard to either Dr. Hinton's or Dr. Comer's testimony and, therefore, recommends the Court dismiss Count III as procedurally defaulted. Coppess has not objected to this determination and recommendation. The Court finds it appropriate to adopt this portion of the Report and Recommendation. *Thomas v. Arn*, 474 U.S. 140, 149-50, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) (The statute does not "require [] some lesser review by [the court] when no objections are filed[;]" the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia*. This claim will be dismissed as procedurally defaulted.

---

[3]As discussed by the magistrate judge, Coppess's Petition refers to Dr. Hinton, but Coppess's Supplemental Reply indicates that Coppess sought to present testimony of Dr. Comer.

- 8 -

*Claim IV – Ineffective Assistance of Counsel*

Coppess asserted that his Sixth Amendment right to counsel was violated because his trial counsel was ineffective for failing to: (1) call Dr. Hinton to testify at trial regarding Coppess's PTSD; (2) object to admission of evidence regarding Coppess's blood alcohol level; (3) inform Coppess of a plea offer made by the State prior to a July 25, 2003 hearing; (4) find or call witnesses who made statements to the police that Coppess was not driving the car; and (5) call Dr. Comer to testify about Coppess's mental competency and mitigating factors given that "Dr. Comer examined the [Coppess] for 8 hours and had a diagnose's [sic] of frontal lobe brain injury . . ." Petition, p. 9. The magistrate judge determined, contrary to Respondents' argument, that these claims are exhausted by presentation to the Court of Appeal of Arizona. Respondents have not objected to this determination. The Court will adopt this portion of the Report and Recommendation.

*Failure to Call Dr. Hinton as a Witness*

As to Coppess's claim that trial counsel was ineffective for failing to call Dr. Hinton to testify regarding Coppess's alleged PTSD, the magistrate judge determined that Coppess had abandoned this claim and recommends this claim be dismissed as withdrawn. Coppess has not objected to this finding and recommendation. The Court will adopt this portion of the Report and Recommendation and will dismiss this claim as withdrawn.

*Failure to Object of Admission of BAC*

Coppess asserted that trial counsel was ineffective for failing to object to the admission of Coppess's BAC level. The magistrate judge determined that the state court, in applying *Strickland*, applied the correct law to the case and that there was no showing that there was a reasonable probability that, but for counsel's failure to object to Officer Widener's reference to reports generated at the time of the blood draw, the outcome of Coppess's trial would have been different or that, under prevailing professional norms,

- 9 -

counsel should have objected on this issue. The magistrate judge further determined that the state court's ruling on this issue was not contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court and that the state court's proceeding did not result in a decision that was based on an unreasonable determination of the evidence presented. Further, the magistrate judge also determined that to any extent Coppess was asserting that trial counsel was ineffective by allowing the BAC into evidence, this claim was not raised in the Petition for Post-Conviction Relief and was, therefore, procedurally defaulted. The magistrate judge also determined that the claim was without merit.

In his objections addressing claim IV, Coppess only refers to those claims regarding counsel's failure to call witnesses and failure to hire an investigator. In other words, Coppess has not objected to the findings and recommendations regarding the admission of Coppess's BAC level. The Court will adopt this portion of the Report and Recommendation.

*Failure to Advise Coppess of Plea Offer*

Coppess has asserted that counsel was ineffective for failing to advise him of a plea offer made by the State prior to a July 25, 2003, hearing. The magistrate judge determined that the record unequivocally contradicted Coppess's claim, the state court's ruling on this issue was not contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, and that the state court's proceeding did not result in a decision that was based on an unreasonable determination of the evidence presented.

In his objections addressing claim IV, Coppess only refers to those claims regarding counsel's failure to call witnesses and failure to hire an investigator. In other words, Coppess has not objected to the findings and recommendations regarding whether counsel advised Coppess of the plea offer. The Court will adopt this portion of the Report and Recommendation.

*Failure to Find and Call Witnesses*

Coppess has asserted that trial counsel was ineffective for failing to find or call witnesses who made statements to the police that Coppess was not driving the car. The magistrate judge determined that this claim had not been presented in the post-conviction proceeding, was procedurally defaulted, no cause and prejudice to excuse the procedural default had been established, and no fundamental miscarriage of justice had been demonstrated. The magistrate judge recommended this claim be dismissed as procedurally defaulted.

In his objections, Coppess has asserted that all of the claims were properly raised in the Arizona courts and that this claim clearly meets "the two part test of Strickland in regards to deficient performance by counsel. Trial counsel's critical errors prior to trial, and during trial did prejudice [Coppess], and is a Sixth Amendment violation. Objection (Doc. 30), p. 3.

As explained by the magistrate judge:

> "Petitioner's assertion of a claim of ineffective assistance of counsel based on one set of facts [presented to the state courts], does not exhaust other claims of ineffective assistance of counsel based on different facts" that were not presented to the state courts. *Date*, 619 F.Supp.2d at 788. *See also Moormann v. Schriro*, 426 F.3d 1044, 1056-57 (9th Cir. 2005), *cert. denied*, 548 U.S. 927 (2006) (new allegations of ineffective assistance of counsel not previously raised before the state court cannot be addressed on habeas review).

Report and Recommendation, p. 43.

Coppess asserted in the state court proceedings that counsel was ineffective on various grounds. However, Coppess never argued counsel was ineffective for failing to find or call witnesses to testify that Coppess was not the driver of the car involved in the accident. The Court finds, therefore, that this claim has not been exhausted. Moreover, if Coppess were to fairly present this issue in a subsequent Petition for Post-Conviction Relief, such presentation would be untimely. Ariz.R.Crim.P. 32.1 and 32.4(a). Further, such presentation would be futile as the claim is precluded as waived. Ariz.R.Crim.P. 32.2(a)(3). Such a new petition, therefore, would be subject to summary dismissal. *State v. Rosario*, 195 Ariz. 264,

266, 987 P.2d 226, 228 (Appl 1999); *Moreno v. Gonzales*, 192 Ariz. 131, 135, 962 P.2d 205, 209 (1998).

Additionally, Coppess has failed to establish (1) cause sufficient to excuse his procedural default – any impediments preventing Coppess from complying with Arizona's procedural rules, *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986), (2) prejudice – any constitutional violation so basic as to infect Coppess's entire proceedings with error, *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), or (3) fundamental miscarriage of justice that no reasonable juror could find him guilty, *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Coppess's procedural default cannot be excused. The Court will adopt this portion of the Report and Recommendation and dismiss this claim as procedurally defaulted.

*Failure to Call Expert Witness as to Mental Competency and Mitigating Factors*

Coppess has asserted that counsel was ineffective for failing to call an expert witness regarding Coppess's mental competency and mitigating factors. As to Coppess's claim regarding Dr. Comer's diagnosis of a frontal lobe brain injury, the magistrate judge determined this claim was procedurally defaulted.

In his objections, Coppess has asserted that all of the claims were properly raised in the Arizona courts and that this claim clearly meets "the two part test of Strickland in regards to deficient performance by counsel. Trial counsel's critical errors prior to trial, and during trial did prejudice [Coppess], and is a Sixth Amendment violation." Objection (Doc. 30), p. 3.

As stated by the magistrate judge:

> Petitioner raised in his PCR proceeding only the issue whether trial counsel was ineffective for failure to call Dr. Comer to testify about Petitioner's PTSD. (See Answer, Exh. L, pp. 6-7; Doc. 28, Exh. 1, pp. 7-9). Because Petitioner never argued to the state court that trial counsel was ineffective for failing to call Dr. Comer to testify that Plaintiff suffered from an alleged frontal lobe brain injury, the claim is not exhausted. Moreover, Petitioner cannot now return to state court to raise the issue in a second post-conviction relief proceeding.

- 12 -

Report and Recommendation, p. 44.

Coppess asserted in the state court proceedings that counsel was ineffective on various grounds. However, Coppess never argued counsel was ineffective for failing to call Dr. Comer to testify regarding a diagnosis of a frontal lobe brain injury. The Court finds, therefore, that this claim has not been exhausted. Moreover, if Coppess were to fairly present this issue in a subsequent Petition for Post-Conviction Relief, such presentation would be untimely. Ariz.R.Crim.P. 32.1 and 32.4(a). Further, such presentation would be futile as the claim is precluded as waived. Ariz.R.Crim.P. 32.2(a)(3). Such a new petition, therefore, would be subject to summary dismissal. *Rosario*, 195 Ariz. at 266, 987 P.2d at 228.

Additionally, Coppess has failed to establish cause sufficient to excuse his procedural default. Coppess's claim that appellate and post-conviction counsel confused Dr. Hinton with Dr. Comer has not been presented to the state courts. To rely on ineffective assistance of counsel to excuse a procedural default, the claim of ineffective assistance of counsel must itself have been fairly presented to the state court. *See Edwards v. Carpenter*, 529 U.S. 446, 451-54 (2000) (allegation of ineffective assistance of counsel as cause for procedural default "is itself an independent constitutional claim" and is subject to the same exhaustion requirement as other habeas claims). Moreover, Coppess has not demonstrated prejudice, *Frady*, 456 U.S. at 170, or a fundamental miscarriage of justice, *Schlup*, 513 U.S. at 327. Coppess's procedural default cannot be excused. The Court will adopt this portion of the Report and Recommendation and dismiss this claim as procedurally defaulted.

As to Coppess's claim that counsel was ineffective for failing to call Dr. Comer to testify about Coppess's PTSD, the post-conviction court stated:

> Counsel was not ineffective for failing to call Dr. Comer to testify as to Petitioner's post-traumatic stress disorder ("PTSD"), and how such contribution might have influenced Petitioner's reactions to the accident, such as fleeing and making odd statements to witnesses.
>
> Under [*Strickland*], *adopted by State v. Nash*, 143 Ariz. 392, 694 P.2d 222 (1985), *cert. denied*, 471 U.S. 1143, 105 S.Ct. 2689 (1985), Petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness, as evidenced by prevailing professional norms and (2) that deficient performance

- 13 -

> resulted in prejudice to Petitioner. There is a strong presumption that counsel's actions are made for strategic or tactical purposes, and that presumption controls unless petitioner can show that counsel's actions "revealed ineptitude, inexperience, or lack of preparation." *State v. Santanna*, 153 Ariz. 147, 835 P.2d (1987); *State v. Goswick*, 142 Ariz. 582, 691 P.2d 673 (1984). Furthermore, counsel's decisions are not to be judged in hindsight. *State v. Salazar*, 146 Ariz. 540, 707 P.2d 944 (1985). Tactical decisions are committed to counsel's own judgment. *State v. Beaty*, 158 Ariz. 232, 762 P.2d 519 (1988).
>
> Petitioner may have sustained his PTSD as a result of situations he found himself in while being incarcerated in jail or prison. The Court had ruled that if defense counsel opened the issue of PTSD, the State was free to cross-examine on the origins of the PTSD, allowing the jury to hear about Petitioner's prior 10-year incarceration in the Department of Corrections. Petitioner argues that had the jury heard that he fled the scene of the accident because of PTSD, it would not have convicted him as it could have inferred that the behavior stemmed from an underlying mental health issue.
>
> Petitioner has not overcome the strong presumption that counsel's decision not to call Dr. Comer was strategic. *Santanna, Goswick, supra*. Petitioner does not suggest how counsel could have avoided the topic of prison in examining Dr. Comer while still having the expert reveal that Petitioner originally suffered from PTSD there. Petitioner has failed to meet the first prong of the *Strickland* test. Petitioner has further failed to show any prejudice as a result of counsel's performance. While the jury did not hear any evidence as to Petitioner's post-traumatic stress disorder, it also did not hear evidence as to Petitioner's incarceration. Petitioner has not demonstrated any prejudice, and has not met the second prong of the *Strickland* test.

Answer, Ex. M, p 2-3.[4]

The state court applied the correct legal standard in addressing this issue. Moreover, the trial court had ruled that, if Dr. Hinton testified about Coppess's PTSD, the State could question him regarding the prison setting of Coppess's experiences with regard to PTSD. Dr. Comer would have, similarly, been subject to cross-examination on the issue of Coppess's prior incarceration – Dr. Comer noted that Coppess's PTSD was related, in part, to "prison experience". *See* Coppess's Supplemental Reply, Ex. A, p. 2. As stated by the magistrate judge:

> The record is clear that trial counsel made the strategic decision not to call Dr. Hinton

---

[4]The Court of Appeals, in grating review and denying relief, stated that, "[b]ecause the court's order denying relief clearly identified the issues and correctly ruled on them so that any court in the future can understand it, and because the court's findings and conclusions are supported by the records before us, we adopt the trial court's ruling." Answer, Ex. N, p. 2.

- 14 -

>based on that ruling and it follows that counsel would not have called Dr. Comer, had he been listed as a witness, for the same reason. Given the potentially prejudicial impact that testimony about Petitioner's prior incarceration would have had, trial counsel's decision not to call an expert to testify about Petitioner's PTSD was a reasonable strategic decision.

Report and Recommendation, p. 47. Moreover, it is not clear that Dr. Comer would have testified that Coppess's post-accident actions were attributable to PTSD – his report does not discuss Coppess's post-accident behavior. The Court finds that it is not reasonably likely that Dr. Comer's opinions regarding Coppess's PTSD, in conjunction with the jury learning of Coppess's prior incarceration, would have altered the outcome of the trial. *Harrington v. Richter*, — U.S. —, 131 S.Ct. 770, 791-92, 178 L.Ed.2d 624 (2011). Further, the Court finds that the state court's decision that Coppess failed to establish prejudice under *Strickland* was not contrary to, or an unreasonable application of clearly established federal law as determined by the United States Supreme Court and the state court's proceeding did not result in a decision that was based on an unreasonable determination of the evidence presented. The Court will adopt this portion of the Report and Recommendation and deny habeas relief on the merits of this claim.

*Claim V – Fair and Impartial Jury*

Coppess asserts that the trial court violated his right to a fair and impartial jury. The magistrate judge determined that state courts had determined that this claim was waived pursuant to Ariz.R.Crim.P. 32.2(a)(3) and recommends that this claim be dismissed as procedurally defaulted. Coppess has not objected to this determination and recommendation. The Court finds it appropriate to adopt this portion of the Report and Recommendation. *Thomas* , 474 U.S. at 149-50. This claim will be dismissed as procedurally defaulted.

*Certificate of Appealability ("COA")*

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. This Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.; *see also Robbins v. Carey*, 481 F.3d 1143,1146-47 (9th Cir. 2007) (failure to object to magistrate judge's conclusions does not automatically waive appellate challenge)  In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

In this case, the Court has determined that the claims regarding (1) whether Coppess's right to due process was violated as to his ability to present expert testimony from either Dr. Richard Hinton or Dr. Comer, (2) alleged ineffectiveness of trial counsel for failing to call Dr. Comer to testify about Coppess's alleged frontal lobe brain injury, and (3) whether the trial court violated Coppess's right to a fair and impartial jury should be dismissed as procedurally defaulted. The Court further determined that Coppess's claim of alleged ineffectiveness of trial counsel for failing to call Dr. Hinton to testify regarding Coppess's alleged PTSD should be dismissed as withdrawn. The Court finds that jurists of reason

1  would not find it debatable whether the Petition stated a valid claim of the denial of a
2  constitutional right and the Court finds that jurists of reason would not find it debatable
3  whether the district court was correct in its procedural ruling.  A COA shall not issue as to
4  these claims.

5        The Court also determined that Coppess was not entitled to habeas relief on the merits
6  as to his claims that (1) his confrontation rights were violated as to witness Voss, (2) he was
7  sentenced in violation of *Blakely*, (3) counsel was ineffective for failing to object to
8  admission of evidence regarding Coppess's blood alcohol level; (4) counsel was ineffective
9  for failing to inform Coppess of a plea offer made by the State prior to a July 25, 2003
10 hearing, and (5) counsel was ineffective for failing to call Dr. Comer to testify about
11 Coppess's PTSD.  The Court finds that reasonable jurists would not find the district court's
12 assessment of the constitutional claims debatable or wrong.

13       Any further request for a COA must be addressed to the Court of Appeals.  *See* Fed.
14 R.App. P. 22(b); Ninth Circuit R. 22-1.

15       Accordingly, IT IS ORDERED:

16       1.     The Report and Recommendation [Doc. # 29] is ADOPTED.

17       2.     Coppess's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a
18 Person in State Custody is DISMISSED WITH PREJUDICE as to the claims regarding (1)
19 whether Coppess's right to due process was violated as to his ability to present expert
20 testimony from either Dr. Richard Hinton or Dr. Comer, (2) alleged ineffectiveness of trial
21 counsel for failing to call Dr. Comer to testify about Coppess's alleged frontal lobe brain
22 injury, (3) whether the trial court violated Coppess's right to a fair and impartial jury, and (4)
23 alleged ineffectiveness of trial counsel for failing to call Dr. Hinton to testify regarding
24 Coppess's alleged PTSD.

25       3.     Coppess's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a
26 Person in State Custody is DENIED as to Coppess's claims that (1) his confrontation rights
27 were violated as to witness Voss, (2) he was sentenced in violation of *Blakely*, (3) counsel

was ineffective for failing to object to admission of evidence regarding Coppess's blood alcohol level; (4) counsel was ineffective for failing to inform Coppess of a plea offer made by the State prior to a July 25, 2003 hearing, and (5) counsel was ineffective for failing to call Dr. Comer to testify about Coppess's PTSD.

4. The Clerk of the Court shall enter judgment and shall then close its file in this matter.

5  A Certificate of Appealability shall not issue in this case.

DATED this 18th day of April, 2011.

_____
Cindy K. Jorgenson
United States District Judge